UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHAD DURRELL ROBINSON                              CIVIL ACTION

VERSUS

THE CITY OF ST. GABRIEL, ET AL.          NO.: 13-00298-BAJ-SCR

RULING AND ORDER

Before the Court is Defendant Mayor Lionel Johnson, Jr.'s **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10)**, seeking an order from this Court dismissing him from all claims and causes brought against him by Plaintiff Chad Durrell Robinson ("Robinson"). Johnson seeks dismissal with prejudice on the basis that, as the Mayor of St. Gabriel, he does not employ the St. Gabriel Police Department ("Department") and therefore has no 42 U.S.C. § 1983 liability for the actions of the Department's officers. (10, at 1.) He also asserts that he cannot be liable under 42 U.S.C. § 1983 under a theory of *respondeat superior*. (Doc 10-2, at 6.) The motion is unopposed. Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1331.

I.    **Background**

Both parties argee that on May 12, 2012, Robinson attended a party in St. Gabriel, Louisiana. (Doc. 1, at 3, Doc. 10-2, at 1.) However, the parties' versions of the facts differ considerably from this point. Robinson alleges that, as he was attempting

to leave the party, he was approached by several young men, three of whom were related to the officers later involved in the incident. (Doc. 3, at 3.) The young men gathered around Robinson's vehicle, and out of fear for his life, Robinson dialed 911 for assistance. An officer arrived and did nothing to assist Robinson. Robinson allegedly saw one of the men in the front of his car draw a weapon, which caused him to immediately speed off. *Id.* He was later stopped by Officers Robert Jones and Justin Darville, from the Department, who drew their weapons and ordered Robinson out of the car. As they were attempting to handcuff Robinson, "another local native" pulled up to the scene, pulled a gun out, and verbally threatened Robinson. He alleges that the Officers did nothing to thwart the threat (Doc. 3, at 4.)

As a result of this threat, Robinson claims to have run up the nearby levee, with several local citizens pursuing him with weapons. He finally jumped in the Mississippi River. Robinson alleges that the Officers did not attempt to disarm persons in possession of firearms, nor did the Officers attempt to stop the several individuals at the scene from vandalizing his vehicle. (*Id.*) Robinson claims his vehicle was completely destroyed and that he was later arrested for hit and run driving. (*Id.*) Robinson finally alleges that at the trial against two of the individuals involved in the incident, Officer Jones testified that "he did nothing to interfere with trying to stop anyone from killing Robinson because Robinson was a stranger to him and he was not going to risk his life for a stranger." (*Id.*)

Johnson alleges a different version of the events. Officer Sterling Redditt was allegedly on hand in the parking lot of the party venue to make sure that the crowd

dispersed peacefully. (Doc. 10-2, at 2.) Upon arrival, Officer Redditt noticed a "large number of individuals standing around" and was allegedly notified of a fight on a street nearby. (*Id.*) Officer Redditt allegedly noticed that Robinson's vehicle was being blocked by a large number of individuals and that Robinson was prevented from leaving the party. As he approached the crowd, Officer Redditt saw Robinson lurch forward and speed off, injuring a number of people in the process. (*Id.*)

Immediately after witnessing Robinson flee the scene, Officer Redditt radioed other officers of the incident and alerted first responders of the injuries that occurred to the people who were hit by Robinson's car. Officers Jones and Darville later spotted Robinson's vehicle while they were driving toward the location of the party. The officers pulled Robinson over and instructed him to exit the vehicle. The Officers attempted to detain him with handcuffs, but were unable to do so because an angry crowd had formed and threatened to harm Robinson. Amidst the commotion, one person in the crowd drew his weapon and pointed it towards Robinson. Robinson then allegedly ran up the levee and was pursued by several individuals. Johnson alleges that the officers were outnumbered and unable to control the crowd that surrounded them. (Doc. 10-2, at 3.)

One of the officers witnessed an individual discharge a weapon but allegedly could not see the specifics of the situation. (Doc. 10-2, at 4.) Johnson alleges that Robinson was not harmed during this commotion. However, Robinson's vehicle was vandalized at the scene by the crowd. Other officers thereafter arrived at the scene and

3

were able to disperse the crowd. Arrest warrants for all individuals involved were issued the following day. (*Id.*) Robinson filed suit May 10, 2013.

In the instant motion, Johnson asserts that Robinson "has not alleged sufficient facts to show that [the] Mayor has authority over any police officers to give rise to Section 1983 liability." (Doc. 10-2, at 5.) Robinson has not filed an opposition to this motion. However, in his complaint and amended complaint, Robinson alleges that at all relevant pertinent times, the City of St. Gabriel, through Johnson, was the employer of the defendant officer named in the complaint. (Doc. 1, at 2, Doc. 3, at 2.) He further asserts that the City of St. Gabriel "enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement officer herein, and bears ultimate personal and vicarious liability for the negligent conduct of the same. [The] City of Saint Gabriel has ultimate policy making authority with respect to the conduct and procedures of the Saint Gabriel Police Department." (*Id.*)

## II.   Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

## III.   Analysis

### A.      Liability under Louisiana Revised Statutes 33:321 *et seq.*

Johnson contends that he is not liable under § 1983 because the City of St. Gabriel is a Lawrason Act municipality and is therefore subject to the requirements of Louisiana Revised Statutes 33:321 *et seq.*[1] (Doc. 10-2, at 5.) Specifically, Johnson asserts that Louisiana Revised Statutes 33:404 provides the "powers, duties and responsibilities of Mayor Johnson," and that under the statute he has the authority "to supervise and direct the administration and operation of all municipal departments, offices, and agencies, *other than the police department.*" (*Id.*) Because the City of St. Gabriel has an elected Chief of Police, Johnson asserts that Department

---

[1] "In Louisiana, all municipalities, by default, are governed by the Lawrason Act 'except those municipalities governed by a special legislative charter, a home rule charter or plan of government.' La. R.S. § 33:321." *Steele v. Police Dept. Of Oakdale*, 2010 WL 816177 at *3 (W.D. La. 3/9/10). "In a Lawrason Act municipality, the mayor is the chief executive officer, while the board of alderman exercises the legislative powers of the municipality. La. R.S. § 33:362(A)(1), (B)." *Id.* The municipality is "vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto' and 'to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law.' Id. § 33:361(A)." *Id.*

employees are not under the Mayor's authority and are instead within the authority

of the Chief of Police. (*Id.*) Johnson directs the Court to *Gopalam v. City of Gonzales*,

2013 U.S. Dist. LEXIS 290 (M.D. La 1/2/13), where this Court found that a mayor of

a municipality bound by the Lawrason Act did not have control and authority over

police officers and therefore had no § 1983 liability. (*Id.* at *4.)

Because Robinson has not presented any argument in opposition, the Court will

assume that Robinson concedes the applicability of the law cited by Johnson. Indeed,

municipalities in the State of Louisiana that are bound by the Lawrason Act are

subject to the requirements of Louisiana Revised Statutes 33:321 *et seq*. St. Gabriel,

Louisiana was incorporated as a Lawrason Act municipality in 1994. *See Davis v.*

*Town of St. Gabriel*, 01-0031 (La. 1 App. 02/15/02), 809 So. 2d 537, 539. As such, it is

governed by those statutes. In pertinent part, Louisiana Revised Statutes 33:404

provides that:

> A. The mayor shall have the following powers, duties, and
> responsibilities:
>
> (1) To supervise and direct the administration and operation
> of all municipal departments, offices, and agencies, ***other***
> ***than a police department with an elected chief of***
> ***police***, in conformity with ordinances adopted by the board
> of aldermen and with applicable provisions of state law;
> however, no such ordinance may limit the authority granted
> to the mayor by this Paragraph. All administrative staff
> shall be subordinate to the mayor.

From the plain language of the statute, it is clear that the mayor of a Lawrason

Act municipality does not have authority over a police department which is led by an

elected chief of police. Johnson asserts that since the St. Gabriel Chief of Police is elected, any authority of Officers lies with the Chief of Police. (Doc. 10-2, at 5.) Again, Robinson has not presented any argument in opposition, outside the general allegations contained in his complaint and amended complaint that the City of St. Gabriel, through Johnson, enjoys authority over the Officers of the Department.

The Court agrees with Johnson. Here, the law is clear and unambiguous that any authority over functions and responsibilities of the Officers of the Department in St. Gabriel rest with the Chief of Police, and not with Johnson in his capacity as mayor. Moreover, Robinson does not allege any facts suggesting Johnson had the requisite authority over the Officers, such as to give rise to § 1983 liability. Indeed, the only reference that Robinson makes to Johnson is in paragraph 7 of the complaint and amended complaint, which alleges that, Johnson, in his capacity as mayor, "enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement officer herein, and bears ultimate personal and vicarious liability for the negligent conduct of the same. [The] City of Saint Gabriel has ultimate policy making authority with respect to the conduct and procedures of the Saint Gabriel Police Department." (Doc. 1, at 2, Doc. 3, at 2.)

A plaintiff's burden in satisfying the pleading standard is not very high. However, as established in *Iqbal*, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Such is the case here, as Robinson has named Johnson as

7

a party to the litigation but has not alleged sufficient facts, or any credible facts, to survive a motion to dismiss on this claim. Therefore, the Motion to Dismiss on this claim is GRANTED.

### B.     Liability under Theory of *Respondeat Superior*

Johnson asserts that "[s]upervisory officials may not be held liable under § 1983 for the actions of subordinates on theories of vicarious liability or *respondeat superior*."[2] (Doc. 10-2, at 6.) As such, Johnson contends that Robinson would have to show Johnson "failed to supervise or train the officials, a causal link exists between the failure to train or supervise and the violation of Robinson's rights, and [ ] Johnson's failure to train or supervise amounted to deliberate indifference."[3] (*Id.*) Because Johnson does not supervise any of the officials involved in this matter, Johnson contends that there is no § 1983 liability. (*Id.*)

Again, Robinson has not presented any argument in opposition, thus the Court will assume that Robinson concedes the law cited by Johnson is applicable here. The Court agrees with Johnson and cites to the finding reached by this Court in *Gopalam*. In *Gopalam*, this Court found that a mayor of a Lawrason Act municipality was not liable under § 1983 on  a theory of *respondeat superior* because the plaintiff could not show that  the mayor "failed to supervise or train the official(s), that this failure was causally linked to the violation of [the plaintiff's] rights, and that [the mayor's] failure

---

[2] Johnson directs the Court to *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

[3] Johnson again directs the Court to *Gopalam v. City of Gonzales*, 2013 U.S. Dist. LEXIS 290 (M.D. La. 2013) (citing *Smith v. Brenoettsy*, 158 F.3d 908, 911-912 (5th Cir. 1998)).

amounted to 'deliberate indifference.'" *Gopalam*, 2013 U.S. Dist. LEXIS 290 at *4. The Court also found that, while a supervisory official can be held liable under § 1983, the plaintiff in *Gopalam* failed to allege any facts to support a finding of § 1983 liability against the mayor. *Id.*

In the instant matter, the Court is presented with almost identical circumstances. In his complaint, Robinson makes a very broad assertion that the City of St. Gabriel, through Johnson, is responsible for the actions of the Officers involved in this incident. However, Robinson alleges no facts against Johnson, nor does he allege how or why Johnson failed to train or supervise the Officers for purposes of § 1983 liability. Thus, absent supporting facts, Robinson's claim against Johnson must be dismissed. The Motion to Dismiss on this claim is GRANTED.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Mayor Lionel Johnson, Jr.'s **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Mayor Lionel Johnson are **DISMISSED**, **with prejudice**.

Baton Rouge, Louisiana, this 12th day of March, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**