UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHAD DURRELL ROBINSON                               CIVIL ACTION

VERSUS

THE CITY OF ST. GABRIEL, ET AL.                     NO.: 13-00298-BAJ-SCR

RULING AND ORDER

Before the Court is Defendant Police Chief Kevin Ambeau's ("Ambeau") **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 11)**, seeking an order from this Court dismissing Plaintiff Chad Durrell Robinson's ("Robinson") Complaint. (Doc. 3). Ambeau seeks dismissal with prejudice on the basis that, as Police Chief of St. Gabriel, he has not instituted an official police policy that led to an assault on Robinson by private citizens, was not personally involved in the assault, and has not deliberately chosen to avoid training officers of the St. Gabriel Police Department ("Department"). (Doc. 11-2, at 5-8.) Therefore, Ambeau asserts that he has no liability under 42 U.S.C. § 1983 for the actions of the Department's officers. (*Id.* at 8.) The motion is opposed. (Doc. 13.) Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1331.

I.  **Background**

Both parties agree that on May 12, 2012, Robinson attended a party in St. Gabriel, Louisiana. (Doc. 3, at 3, Doc. 11-2, at 2.) However, the parties' versions of the facts differ considerably from this point. Robinson alleges that, as he was attempting to leave the party, he was approached by several young men, three of whom were related

2

to the officers later involved in the incident. (Doc. 3, at 3.) The young men gathered around Robinson's vehicle, and out of fear for his life, Robinson dialed 911 for assistance. An officer arrived and did nothing to assist Robinson. Robinson allegedly saw one of the men in the front of his car draw a weapon, which caused him to immediately speed off. (*Id.*) He was later stopped by Officers Robert Jones and Justin Darville, from the Department, who drew their weapons and ordered Robinson out of the car. As they were attempting to handcuff Robinson, "another local native" pulled up to the scene, pulled a gun out, and verbally threatened Robinson. He alleges that the Officers did nothing to thwart the threat (Doc. 3, at 4.)

As a result of this threat, Robinson claims to have run up the nearby levee, with several local citizens pursuing him with weapons. He finally jumped in the Mississippi River. Robinson alleges that the Officers did not attempt to disarm persons in possession of firearms, nor did the Officers attempt to stop the several individuals at the scene from vandalizing his vehicle. (*Id.*) Robinson claims his vehicle was completely destroyed and that he was later arrested for hit-and-run driving. (*Id.*) Robinson finally alleges that at the trial against two of the individuals involved in the incident, Officer Jones testified that "he did nothing to interfere with trying to stop anyone from killing Robinson because Robinson was a stranger to him and he was not going to risk his life for a stranger." (*Id.*)

Ambeau alleges a different version of the events. Officer Sterling Redditt was allegedly on hand in the parking lot of the party venue to make sure that the crowd dispersed peacefully. (Doc. 11-2, at 2.) Upon arrival, Officer Redditt noticed a "large number of individuals standing around" and was allegedly notified of a fight on a street

3

nearby. (*Id.*) Officer Redditt allegedly noticed that Robinson's vehicle was being blocked by a large number of individuals and that Robinson was prevented from leaving the party. As he approached the crowd, Officer Redditt saw Robinson lurch forward and speed off, injuring a number of people in the process. (*Id.*)

Immediately after witnessing Robinson flee the scene, Officer Redditt radioed other officers of the incident and alerted first responders of the injuries that occurred to the people who were hit by Robinson's car. (*Id.*) Officers Jones and Darville later spotted Robinson's vehicle while they were driving toward the location of the party. (*Id.* at 3.) The officers pulled Robinson over and instructed him to exit the vehicle. The Officers attempted to detain him with handcuffs, but were unable to do so because an angry crowd had formed and threatened to harm Robinson. (*Id.*). Amidst the commotion, one person in the crowd drew his weapon and pointed it towards Robinson. Robinson then allegedly ran up the levee and was pursued by several individuals. Ambeau alleges that the officers present on the scene were outnumbered and unable to control the crowd that surrounded them. (Doc. 11-2, at 3.)

One of the officers witnessed an individual discharge a weapon, but allegedly could not see the specifics of the situation. (Doc. 11-2, at 4.) Ambeau alleges that Robinson was not harmed during this commotion. However, Robinson's vehicle was vandalized at the scene by the crowd. (*Id.*) After Robinson's car was vandalized, Ambeau and a number of other officers arrived to assist with controlling the crowd. (*Id.*) Arrest warrants for all individuals involved were issued the following day. (*Id.*) Robinson filed suit on May 10, 2013.

In the instant motion, Ambeau seeks dismissal from the action based on several assertions, the first being that Robinson "has identified no policy or custom of the St. Gabriel Police Department that arguably caused or contributed to the harm allegedly suffered." (Doc. 11-2, at 6) Ambeau also asserts that the pleadings make no allegation that Ambeau personally participated in the actions that caused or contributed to the assault on Robinson. (*Id.*) Further, Ambeau asserts that Robinson has pled no facts to support a failure to train claim. (*Id.*) As such, Ambeau contends that he cannot be held liable under a § 1983 claim, and that Robinson's claims against him should be dismissed with prejudice. (*Id.*)

Robinson opposes Ambeau's motion, (Doc. 13) and asserts that he does not have to meet a heightened pleading standard to maintain his cause of action. (*Id.* at 3.) He further asserts that his claim complies with the pleading requirements of Fed. R. Civ. P. 8(a)(2), and that Ambeau's dismissal from the suit would be improper. (*Id.*)

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not

assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

III. Analysis

    A. **Liability under 42 U.S.C. § 1983 for the Failure to State a Policy or Custom**

Ambeau first contends that the motion should be dismissed because Robinson, outside of a vague allegation, has not identified a policy or custom giving rise to a § 1983 claim. Specifically, he asserts that Robinson erroneously alleges that Ambeau "instituted a policy or custom that allegedly led to Plaintiff being assaulted by individuals who are not employed by the St. Gabriel Police Department." (Doc. 11-2, at 5.) Because Ambeau is an officer of St. Gabriel, he further asserts that a suit against him in his official capacity is also a suit against the municipality. As such, he asserts that, in order for Robinson "to establish municipal liability (or in this case, liability as to [ ] Ambeau as the official policy maker for the St. Gabriel Police Department) under § 1983, the Plaintiff must show the deprivation of a federally protected right caused by the action taken 'pursuant to an official municipal policy.'"[1] (*Id.* at 6.) Ambeau asserts that this burden is satisfied only when a plaintiff can identify (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive

---

[1] Ambeau directs the Court to *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

knowledge, and (3) a constitution violation whose "moving force" is that policy or custom.[2] (*Id.*)

Robinson does not contest the law on this matter; however, he asserts that he has sufficiently met the pleading standards of the Federal Rules of Civil Procedure. He also asserts that "the Supreme Court has rejected the view that a plaintiff must meet a heightened pleading standard to state a claim against a municipality for an unconstitutional policy, custom, or practice." (Doc. 13, at 3.)

The Court concludes that Robinson has plead enough facts, albeit limited, to survive the motion on this issue. The Court agrees with Ambeau that a plaintiff must identify an official policy or custom in order to prove that a violation of such a policy led to the harm suffered. The Court also agrees that Ambeau, as the Police Chief, must be identified as an official policy maker who had active or constructive knowledge of the harm caused by the policy or custom. Nevertheless, the Court is not convinced, at this juncture, that such policy or custom making authority, as it relates to the Department, was outside of Ambeau's authority. The Court has not found, nor has Ambeau provided, any information relating to Ambeau's duties or limitations as Police Chief of St. Gabriel. The Court notes that, in a Lawrason Act municipality, a police chief "has general supervisory power over the police department[.]"[3] [4] [5] Again, however, this does

---

[2] *Ibid.* at 541-42.

[3] *See* Op.Atty.Gen., No. 90-316, Oct. 25, 1990.

[4] "In Louisiana, all municipalities, by default, are governed by the Lawrason Act 'except those municipalities governed by a special legislative charter, a home rule charter or plan of government.' La. R.S. § 33:321." *Steele v. Police Dept. Of Oakdale*, 2010 WL 816177 at *3 (W.D. La. 3/9/10). "In a Lawrason Act municipality, the mayor is the chief executive officer, while the board of alderman exercises the legislative powers of the municipality. La. R.S. § 33:362(A)(1), (B)." *Id.* The municipality is "vested with all constitutional and statutory provisions with respect thereto' and 'to

7

not speak directly to Ambeau's authority over the actions of officers in St. Gabriel as it relates to the facts alleged *here*. Thus, taking the plaintiff's complaint and the facts contained therein as true, the Court must deny the motion at this time and allow discovery to proceed on this issue.

### B.   Liability under 42 U.S.C. § 1983 for the Failure to Supervise

Ambeau also asserts that Robinson cannot meet all the elements necessary to establish a § 1983 claim for a failure to train. He avers that "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under section 1983."[6] (Doc. 11-2, at 6.) Robinson contends that establishing deliberate indifference is ultimately a very high burden to meet; however, "conclusionary [sic] obligations of deliberate indifference are sufficient to permit an otherwise unmeritorious [failure to train] claim to proceed through discovery."

To establish a § 1983 claim against supervisors, the plaintiff must establish: (1) the defendant failed to supervise or train his subordinate officers; (2) a causal connection existed between the defendant's failure to train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate

---

exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law.' *Id.* § 33:361(A)." *Id.*

[5] In pertinent part, Louisiana Revised Statutes 33:404 provides that:

> A. The mayor shall have the following powers, duties, and responsibilities:
>
> (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, ***other than a police department with an elected chief of police***, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.

[6] Ambeau directs the Court to City of *Canton v. Harris*, 489 U.S. 378, 389 (1989).

8

indifference to the plaintiff's constitutional rights. *See, e.g., City of Canton v. Harris*, 489 U.S. 378 (1989); *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003).

A liberal reading of the complaint indicates that the position of "St. Gabriel Police Chief" allows the holder of that position to exercise supervisory authority over subordinates employed by that agency. Supervisory authority presumably extends to training. As police chief of a Lawrason Act Municipality, Ambeau may have exercised this authority, and may have been responsible for training and supervising the responding officers involved in this incident.

Ambeau's alleged negligence in failing to perform his supervisory duties could amount to deliberate indifference, if Ambeau had actual knowledge, or reason to know, that his subordinate officers might engage in such police practices. Deliberate indifference could also be found if Ambeau had failed to train his subordinates about how to control unruly crowds. For instance, the service records of Jones, Darville, and Redditt could reveal past instances of crowd control or suspect restraint issues that would put Ambeau on notice that additional training is necessary.

"The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted). At this juncture, taking the facts and allegations in the light most favorable to Robinson, the Court is satisfied that Robinson has plead sufficient facts to establish that a cause of action may exist on the claim. Robinson is entitled to discover and present evidence on the issue of deliberate indifference or a reckless disregard in supervising and training subordinate officers.

Ambeau notes that "[u]sually, a failure to supervise claim gives rise to § 1983 liability only when there is a history of widespread abuse. (Doc. 11-2, at 7) (referencing *Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir. 1986)). The Court agrees. Nevertheless, the Court also recognizes that, while a pattern of behavior is ordinarily required for supervisory § 1983 liability, a "single incident" exception has also been recognized by the courts. *See, e.g., Bryan County v. Brown*, 520 U.S. 397 (1997); *Roberts*, 397 F.3d 287. While it is not clear that this exception applies at this time, Robinson is entitled use the discovery process to pursue this possibility.

As such, Robinson is entitled to go forward with his § 1983 claim against Ambeau, as he has pled sufficient facts to satisfy his burden in a motion to dismiss. Ambeau's dismissal at this point is premature. The Court can better evaluate the causal connection prong required for § 1983 supervisory liability after discovery. Thus the motion to dismiss on this claim is DENIED.

C. **Liability Against Ambeau in his Personal Capacity**

Ambeau asserts Robinson has alleged no facts attributing Ambeau's personal involvement to the assault. Without personal involvement, he asserts that he cannot be held liable under § 1983.[7] (Doc. 11-2, at 6.)

Because Robinson has not presented any argument in opposition, the Court will assume that Robinson concedes the applicability of the law cited by Johnson. Indeed, the courts agree that "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than constitutional assertions: the plaintiff must allege specific

---

[7] Ambeau directs the Court to *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

10

facts giving rise to the constitutional claims." *Top Dollar Pawn, Gun & Car Audio No. 5 LLC v. Caddo Parish*, 2013 WL 5592964, *5 (W.D. La. 10/10/13) (citing Oliver v. Scott, 276 F.3d 736, 741 (5th Cir.2002)).

After a review of the complaint, the Court agrees that Robinson has not alleged sufficient facts to sustain a § 1983 claim against Ambeau in his *individual capacity*. Robinson's complaint sufficiently speaks to Ambeau's involvement as Police Chief of St. Gabriel and the potential for liability in his official capacity; however, it does not allege his personal involvement in the incident at issue here. In fact, Robinson's complaint fails to allege any *specific conduct* by Ambeau which could give rise to a constitutional violation. A mere constitutional assertion against a municipal official in his individual capacity is not sufficient to meet the pleading standard in this situation. *Top Dollar Pawn*, 2013 WL 5592964 at *5. Therefore, the motion to dismiss on this claim is GRANTED.

### D.  Liability Under Sundry State Law Claims

Robinson has asserted various Louisiana state law claims against Ambeau. (Doc. 3, at 6.) Robinson asserts that these claims arise from the same factual circumstances listed in the complaint. (*Id.* at 5-6.) Ambeau has not specifically addressed any of the state law claims against him. However, he has requested dismissal of all causes of action before this Court. (Doc. 11.) To the extent that Ambeau seeks dismissal of any state law claims, for the same reasons noted above, the motion to dismiss is DENIED.

### IV.  Conclusion

Accordingly,

IT IS ORDERED that Defendant Police Chief Kevin Ambeau's **MOTION TO DISMISS (Doc. 11)** is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Police Chief Kevin Ambeau, in his individual capacity only, are **DISMISSED with prejudice**. The Motion to Dismiss is **DENIED** on all other grounds.

Baton Rouge, Louisiana, this 25th day of March, 2014.

*/s/ Brian A. Jackson*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**